IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ROCK HILL DIVISION

| | |
|---|---|
| Tonya R. Blake,                              ) | Civil Action No. 0:11-02825-MBS |
|                                                         ) | |
|                    Plaintiff,                     ) | |
|          v.                                          ) | |
|                                                         ) | **ORDER AND OPINION** |
| Children's Attention Home,           ) | |
|                                                         ) | |
|                    Defendant.                   ) | |
| _____) | |

Plaintiff Tonya R. Blake ("Plaintiff"), proceeding pro se, filed this action against her former employer, Children's Attention Home ("Defendant"), alleging that she was subjected to discrimination because of her sex in violation of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. §§ 2000e-2000e-17. (ECF No. 1.) This matter is before the court on Defendant's amended motion for summary judgment pursuant to Fed. R. Civ. P. 56 ("amended Rule 56 motion"). (ECF No. 77.) Plaintiff opposes Defendant's amended Rule 56 motion, asserting that she has met her burden of proof on her discriminatory discharge claim to survive summary judgment. (ECF No. 87.)

In accordance with 28 U.S.C. § 636(b) and Local Rule 73.02 D.S.C., the matter was referred to United States Magistrate Judge Shiva V. Hodges for pretrial handling. On January 16, 2013, the Magistrate Judge issued a Report and Recommendation in which she recommended that the court grant Defendant's amended Rule 56 motion. (ECF No. 95.) Plaintiff filed objections to the Report and Recommendation, submitting "new evidence" and asking the court to "overturn" the Magistrate Judge's recommendation to grant Defendant summary judgment. (ECF No. 98.) For the reasons set forth below, the court rejects the Report

1

and Recommendation of the Magistrate Judge and **DENIES** Defendant's amended Rule 56 motion as to Plaintiff's claim for sex discrimination.

## I. RELEVANT FACTUAL AND PROCEDURAL BACKGROUND

The facts as viewed in the light most favorable to Plaintiff are discussed in the Report and Recommendation. The court concludes, upon its own careful review of the record, that the Magistrate Judge's factual summation is accurate. The court will only reference herein facts pertinent to the analysis of Plaintiff's claims.

Defendant is "a non-profit 24-hour emergency shelter and long term facility for children who have been removed from their homes for abuse, neglect and/or abandonment." See, e.g., Junior Welfare League, http://juniorwelfareleague.com/content/general-meeting-9 (last visited Mar. 23, 2013). Defendant's main objective is "to provide a temporary care shelter in which a child can experience a loving and secure family life until the child's own home conditions are corrected or a permanent home can be found." See, e.g., Children's Attention Home, http://attentionhome.org/about/childrens-attention-home-history/ (last visited March 23, 2013). Defendant provides for the basic needs of each child and staffs its facilities to provide 24 hour supervision and care "to any child from South Carolina who has been a victim of abuse, abandonment, or neglect who are referred to us by the SC Department of Social Services." See, e.g., Children's Attention Home, http://attentionhome.org/shelter/ (last visited March 23, 2013).

On October 20, 2006, Defendant hired Plaintiff as a third (night) shift residential counselor. (ECF No. 77-2, pp. 1, 11.) Defendant alleges that Plaintiff was responsible for supervising the children and ensuring that they remained safe during the evening hours, which responsibility included checking on them every thirty minutes while they slept. (ECF No. 77-1,

p. 3; see also ECF No. 98-1, p. 17 (Tr. 29: 13-23).) Defendant further alleges that on February 17, 2010, Libby Sweatt-Lambert ("Sweat-Lambert"), Defendant's executive director, learned that Plaintiff had fallen asleep while on the job. (Id.) During her subsequent investigation of the sleeping allegation, Sweatt-Lambert reviewed security camera footage that allegedly showed Plaintiff asleep/motionless for some time during her shift while sitting in a chair in a narrow hallway. (Id.) On February 19, 2010, Sweatt-Lambert and Assistant Director Becky Wright ("Wright") met with Plaintiff and terminated her, according to Plaintiff, for "not mop[ping] or sweep[ing] the floor." (ECF No. 98-1, p. 18 (Tr. 35: 9-36: 3).) In correspondence dated February 19, 2010, Defendant communicated to Plaintiff that she was terminated "[d]ue to your lack of performing job duties on 2/17/10, . . . ." (Id. at 6.)

On April 22, 2010, Plaintiff filed a charge of discrimination with the South Carolina Human Affairs Commission and the U.S. Equal Employment Opportunity Commission. (ECF No. 77-2, p. 33.) During the investigation of her charge, Plaintiff learned that she was terminated for sleeping on the job. (ECF 98-1, p. 26 (Tr. 65: 2-21).) After receiving notice of the right to sue, Plaintiff commenced this action pro se on October 17, 2011, alleging discriminatory discharge on the basis of her sex. (ECF Nos. 1, 77-2 at 34.) Defendant answered Plaintiff's complaint on December 30, 2011. (ECF No. 15.) On July 13, 2012, Defendant filed a Rule 56 motion and then an amended Rule 56 motion as to Plaintiff's claim for sex discrimination. (ECF Nos. 76, 77.) Plaintiff filed opposition to Defendant's amended Rule 56 motion on August 20, 2012, to which Defendant filed a reply in support of its amended Rule 56 motion on August 30, 2012. (ECF Nos. 87, 91.)

On January 16, 2013, the Magistrate Judge issued the aforementioned recommendation that the court grant Defendant's amended Rule 56 motion. (ECF No. 95.) On January 31, 2013,

Plaintiff objected to the Report and Recommendation, asking the court to "overturn" the Magistrate Judge's recommendation based on information in documents that were not previously submitted to the Magistrate Judge for review. (ECF No. 98.) Thereafter, on February 4, 2013, Plaintiff filed a notice to appeal the Report and Recommendation to the United States Court of Appeals for the Fourth Circuit. (ECF No. 102.)

## II.    LEGAL STANDARD

A.    The Court's Jurisdiction in the Context of Plaintiff's Appeal

"[A] federal district court and a federal court of appeals should not attempt to assert jurisdiction over a case simultaneously." Griggs v. Provident Consumer Discount Co., 459 U.S. 56, 58 (1982). Therefore, as a general rule, a timely-filed "notice of appeal confers jurisdiction on the court of appeals 'and divests the district court of its control over those aspects of the case involved in the appeal.'" Dixon v. Edwards, 290 F.3d 699, 709 n.14 (4th Cir.2002) (quoting Griggs, 459 U.S. at 58). The exception to the general rule is that a "district court does not lose jurisdiction to proceed as to matters in aid of the appeal." Id. (quoting Lytle v. Griffith, 240 F.3d 404, 408 n. 2 (4th Cir. 2001)).

In this matter, Plaintiff filed a notice to appeal the Magistrate Judge's Report and Recommendation before the court had an opportunity to address Plaintiff's objections to the Report and Recommendation. (ECF No. 102.) A Report and Recommendation, however, is only a proposed finding, and it must be accepted, rejected, or modified by the district court. See 28 U.S.C. § 636(b)(1) ("A judge of the [district] court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge."). In this regard, the instant order aids the appellate court because it accomplishes the necessary task of accepting, rejecting, or modifying the Report and Recommendation at issue in Plaintiff's appeal. Cf.

4

United States v. Polishan, 336 F.3d 234, 240 n. 3 (3d Cir. 2003) ("We note that an appellate court may lack jurisdiction to review dispositive decisions made by a magistrate judge under 28 U.S.C. § 636(b)(1)(B) because that order is not final. Rather, it is a proposed finding and recommendation that must be accepted, rejected or modified by the district court."). Based on the foregoing, the court retains jurisdiction over the instant case to address Plaintiff's objections to the Magistrate Judge's Report and Recommendation.

B.      The Magistrate Judge's Report and Recommendation

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with this court. See Mathews v. Weber, 423 U.S. 261, 270-71 (1976). The court reviews de novo only those portions of a magistrate judge's report and recommendation to which specific objections are filed, and reviews those portions which are not objected to—including those portions to which only "general and conclusory" objections have been made—for clear error. Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005); Camby v. Davis, 718 F.2d 198, 200 (4th Cir. 1983); Orpiano v. Johnson, 687 F.2d 44, 47 (4th Cir. 1982). The court may accept, reject, or modify, in whole or in part, the recommendation of the magistrate judge or recommit the matter with instructions. See 28 U.S.C. § 636(b)(1).

C.      Summary Judgment Generally

Summary judgment should be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A fact is "material" if proof of its existence or non-existence would affect the disposition of the case under the applicable law. Anderson v. Liberty Lobby Inc., 477 U.S. 242, 248–49 (1986). A genuine question of material fact exists where, after reviewing the record as a

whole, the court finds that a reasonable jury could return a verdict for the nonmoving party. Newport News Holdings Corp. v. Virtual City Vision, 650 F.3d 423, 434 (4th Cir. 2011).

In ruling on a motion for summary judgment, a court must view the evidence in the light most favorable to the non-moving party. Perini Corp. v. Perini Constr., Inc., 915 F.2d 121, 123-24 (4th Cir. 1990). The non-moving party may not oppose a motion for summary judgment with mere allegations or denials of the movant's pleading, but instead must "set forth specific facts" demonstrating a genuine issue for trial. Fed. R. Civ. P. 56(e); see Celotex Corp. v. Catrett, 477 U.S. 317, 324 (1986); Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 252 (1986); Shealy v. Winston, 929 F.2d 1009, 1012 (4th Cir. 1991). All that is required is that "sufficient evidence supporting the claimed factual dispute be shown to require a jury or judge to resolve the parties' differing versions of the truth at trial." Anderson, 477 U.S. at 249. "Mere unsupported speculation . . . is not enough to defeat a summary judgment motion." Ennis v. Nat'l Ass'n of Bus. & Educ. Radio, Inc., 53 F.3d 55, 62 (4th Cir. 1995). A party cannot create a genuine issue of material fact solely with conclusions in his or her own affidavit or deposition that are not based on personal knowledge. See Latif v. The Community College of Baltimore, No. 08-2023, 2009 WL 4643890, at *2 (4th Cir. Dec. 9, 2009).

D.     Claims of Discrimination under Title VII

Title VII makes it unlawful for an employer "to fail or refuse to hire or to discharge any individual or otherwise discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin; . . . ." 42 U.S.C. § 2000e-2(a)(1). A plaintiff can establish claims of discrimination under Title VII in one of two ways, either by directly showing that discrimination motivated the employment decision, or, as is more common, by relying on the

indirect, burden-shifting method set forth in McDonnell Douglas Corp. v. Green, 411 U.S. 792, 802 (1973). Where there is direct evidence of discrimination, the McDonnell Douglas burden-shifting framework does not apply. Trans World Airlines, Inc. v. Thurston, 469 U.S. 111, 121 (1985).

To establish a prima facie case of discriminatory discharge under Title VII, a plaintiff must establish that (1) she is a member of a protected class, (2) she suffered an adverse employment action, (3) she was performing in a manner that satisfied her employer's legitimate job expectations, and (4) similarly-situated employees outside the protected class received more favorable treatment. Hughes v. Bedsole, 48 F.3d 1376, 1383 (4th Cir. 1995). Pursuant to this burden-shifting framework, once the plaintiff establishes a prima facie case of discrimination, the burden shifts to the defendant to produce evidence of a legitimate, nondiscriminatory reason for its employment action. Merritt v. Old Dominion Freight, 601 F.3d 289, 294 (4th Cir. 2010). If the defendant meets the burden to demonstrate a legitimate, nondiscriminatory reason for its employment action, the burden shifts back to the plaintiff to demonstrate by a preponderance of the evidence that the proffered reason was "not its true reason[ ], but [was] a pretext." Texas Dep't of Cmty. Affairs v. Burdine, 450 U.S. 248, 253 (1981). Though intermediate evidentiary burdens shift back and forth under this framework, the ultimate burden of persuasion that the defendant engaged in intentional discrimination remains at all times with the plaintiff. See Reeves v. Sanderson Plumbing Prods., Inc., 530 U.S. 133, 143 (2000).

### III.     ANALYSIS

A.     The Magistrate Judge's Report and Recommendation

Plaintiff alleges sex discrimination as a result of Defendant's decision to terminate Plaintiff's employment on February 19, 2010. Upon her review of Plaintiff's discriminatory

discharge claim in the context of the McDonnell Douglas analysis, the Magistrate Judge found that Plaintiff failed to establish a prima facie case of sex discrimination because she did not meet her burden of showing similarly situated employees that had been treated more favorably than she was. (ECF No. 95, pp. 5-8.) In this regard, the Magistrate Judge determined that Plaintiff was unsuccessful in her attempt to use an unnamed mail delivery worker and an employee named Ralph Froneburger ("Froneburger") as similarly situated male comparators, because the evidence did not establish that the alleged misconduct of these individuals (1) affected the immediate safety of the children at the facility; or (2) was witnessed by the relevant decision-makers, Wright and Sweatt-Lambert. (Id.)

The Magistrate Judge further determined that even if Plaintiff could establish a prima facie case of sex discrimination, Defendants were entitled to summary judgment because (1) they had set forth a legitimate, non-discriminatory reason for Plaintiff's termination, i.e., she was sleeping during her shift, and (2) the evidence in the record did not support a finding that Defendant's reason for terminating Plaintiff was pretextual and that she was the victim of unlawful discrimination based upon her sex. (Id. at 8-10.) With specific regard to the pretext analysis, the Magistrate Judge found that Plaintiff's only evidence of pretext was an allegation that she was not told her termination was for sleeping at the time of her termination. (Id. at 9.) For this reason, the Magistrate Judge concluded that any notion of pretext based on an alleged failure to communicate to Plaintiff the reason for her termination was dispelled when Defendant showed Plaintiff the video reportedly showing her asleep, the occurrence of which Plaintiff has failed to dispute. (Id. at 9-10.)

B.      Plaintiff's Objections to the Report and Recommendation

Plaintiff objects to the Magistrate Judge's Report and Recommendation. She asserts that

8

summary judgment should not be granted to Defendant because the court has not seen all of her evidence. (ECF No. 98, p. 1.) In furtherance of this assertion, Plaintiff submitted with her objections the transcript from her deposition, an affidavit from her former co-worker, Angela Jones ("Jones"), a copy of the letter Defendant allegedly used to terminate Plaintiff, Defendant's alleged employer statement to the South Carolina Employment Security Commission, and a copy of the video that allegedly shows Plaintiff sleeping.[1] (See ECF No. 98-1, pp. 1-29.) Plaintiff argues that her new evidence establishes Froneburger as a suitable similarly-situated comparator because he (1) reported to the same supervisor as Plaintiff; (2) slept at meetings and in cottages while on duty; (3) slept at the breakfast table while he was supposed to be supervising children thereby putting their lives in danger; and (4) was not disciplined or terminated, despite his misconduct being reported to Wright and Sweatt-Lambert. (ECF No. 98 at 1-2.) Plaintiff further argues that her new evidence establishes that she was not terminated for sleeping and Defendant has provided inconsistent reasons for Plaintiff's termination. (Id.) As a result of her evidence, Plaintiff urges the court to reject the Magistrate Judge's recommendation to grant Defendant's amended Rule 56 motion.

C.    The Court's Review

The Magistrate Judge determined that Plaintiff's prima facie case of discriminatory discharge failed because she did not meet her burden of showing similarly-situated employees that had been treated more favorably than she was. (ECF No. 95 at 5-8.) In her objections, Plaintiff proffered new evidence that she argues establishes Froneburger as an appropriate similarly situated male comparator. (ECF No. 98 at 1-2.) The court has discretion to receive Plaintiff's new evidence as part of the review of the Magistrate Judge's Report and

---

[1] The court attempted to view the video, but was unsuccessful in its attempt.

Recommendations. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2); see also Doe v. Chao, 306 F.3d 170, 183 n. 9 (4th Cir .2002) ("[T]he question of whether to consider such evidence rests within the sound discretion of the district court."). Starting with the transcript from Plaintiff's deposition, a reasonable fact-finder could conclude that Froneburger is similarly situated to Plaintiff:

> Q. Was there anyone in particular that you worked with more than the other?
> A. That would be Ralph Farmburger [sic].

(ECF No. 98-1, p. 19 (Tr. 34: 16-18).)

> Q. But you mentioned there were others who had committed the same or similar acts?
> A. Yes.
> Q. Can you tell me who they are?
> A. Ralph Farmburger [sic], from what I saw.
> Q. What did you see?
> A. Ralph Farmburger [sic] was asleep. We had a training on abuse and neglect, and [Assistant Director] Becky Wright was right there, it was up at the church, up on the hill. We clocked in and had to go up the hill to the church.

(Id. at 21 (Tr. 46:18-47:2).) Moreover, Plaintiff submitted an uncontroverted and unrebutted affidavit from Angela Jones ("Jones"), a former co-worker, who buttressed Plaintiff's testimony with a statement showing that Froneburger was a male residential counselor who fell asleep while supervising children and he did not receive any discipline after his behavior was reported to the administrative staff. (See ECF No. 98-1, p. 2 ("One morning, Mr. Ralph [Froneburger] was asleep in the dining hall during breakfast while residents were at the table with silverware . . . He was supposed to be supervising these children . . . I told administrative staff right away and they did nothing.").) Based on her testimony and Jones' affidavit, Plaintiff has shown that she and Froneburger had the same job, had the same connection to at least one of the decision-makers (Wright), and committed the same infraction, yet Plaintiff was terminated and

Froneburger was not. Accordingly, Plaintiff is able to establish a prima facie case of discriminatory discharge on the basis of her sex.

Because Plaintiff can establish a prima facie case of sex discrimination, the burden shifts to Defendant to come forth with a legitimate, non-discriminatory reason for its actions. The court agrees with the Magistrate Judge that Defendant has set forth a legitimate, non-discriminatory reason for Plaintiff's termination, i.e., she was sleeping during her shift. (ECF No. 95 at 8.) As a result, the court is required to analyze whether Plaintiff has met the burden of proving that the reasons asserted for her termination were a pretext for discrimination. In this regard, pretext may be shown through evidence that employees not in the protected class were treated differently under similar circumstances. McDonnell Douglas, 411 U.S. at 804.

Upon the court's review, the evidence submitted by Plaintiff in her objections to the Report and Recommendation demonstrates that she was treated differently than a similarly situated male, i.e., Froneburger. Therefore, Plaintiff has provided sufficient evidence to raise an inference of discrimination such that a reasonable jury could find that her sex was the real reason for her termination instead of the reason(s) cited by Defendant. Love-Lane v. Martin, 355 F.3d 766, 788 (4th Cir. 2004) ("The ultimate question is whether the employer intentionally discriminated . . . .") (quoting Reeves v. Sanderson Plumbing Prods., Inc., 530 U.S. 133, 146-47 (2000)) (internal citations omitted). Accordingly, because there are genuine issues of material fact with respect to pretext, the court must deny Defendant's amended Rule 56 motion on Plaintiff's claim for sex discrimination.

## IV. CONCLUSION

Upon careful consideration of the entire record, the court hereby **DENIES** Defendant's amended Rule 56 motion with respect to Plaintiff's claim for sex discrimination. (ECF No. 77.)

In light of the genuine issues of material fact created by evidence in Plaintiff's objections to the Report and Recommendation, the court must reject the Magistrate Judge's recommendation.

    **IT IS SO ORDERED**.

                       s/Margaret B. Seymour
                       MARGARET B. SEYMOUR
                       SENIOR UNITED STATES DISTRICT JUDGE

March 26, 2013
Columbia, South Carolina